## Case No. 9,510.

### In re METZGER.

[2 N. B. R. 355 (Quarto, 114); 1 Chi. Leg. News, 163; 2 Am. Law T. Rep. Bankr. 53.] [1]

District Court, N. D. New York. 1868.

BANKRUPTCY—ASSIGNEE—RIGHTS AND DUTIES—PREFERRED MORTGAGEE.

The assignee in bankruptcy represents the whole body of creditors, and it is his right and

[1] [Reported from 2 N. B. R. 355 (Quarto, 114), by permission. 2 Am. Law T. Rep. Bankr. 53, and 1 Chi. Leg. News, 163, contain only partial reports.]

duty to contest the validity of any mortgage by which one creditor has obtained a preference over another.

[Cited in Potter v. Coggeshall, Case No. 11,322.]

[Approved in Southard v. Benner, 72 N. Y. 428.]

In this case [Jacob] Metzger had been adjudicated a bankrupt upon the petition of his creditors. The assignee, upon his appointment, took possession of a stock of goods upon which Abernethy & Co. claimed to hold a chattel mortgage, executed prior to the filing of the petition. An order was granted that the sale of the goods by the assignee should not prejudice the right of these mortgagees; but that they should have the same lien upon the fund as upon the goods themselves. Subsequently Abernethy & Co. filed their petition, setting forth their mortgage, and praying that the assignee might be ordered to satisfy the same out of the funds in his hands. The assignee filed his answer to this petition, setting up that the mortgage was fraudulent and void as to the creditors. The case was tried, and the invalidity of the mortgage as to creditors, under the decisions of the court of appeals of this state, was fully proven. Upon the argument of the case, however, the counsel for Abernethy & Co. claimed that this defence could not be set up by the assignee in bankruptcy, as he succeeded only to the rights which the bankrupt had, and that, as between the bankrupt and Abernethy & Co., the mortgage was valid. Further, that none but judgment creditors could contest the validity of the mortgage, and that the assignee did not stand in that position. The counsel for the assignee argued that in bankruptcy the assignee succeeded as well to the rights of the creditors as the bankrupt: that he was entitled to maintain the void character of this mortgage; that if this were not so bankrupts might prefer creditors with impunity, and dispose of their property to pretended creditors; that the rule "regarding judgment creditors only being entitled to contest the mortgage" did not apply to bankruptcy proceedings, for they took the place of judgments, and creditors were prohibited from prosecuting to judgment their claims.

HALL, District Judge. The position assumed by the assignee was the proper one; he represented the whole body of creditors, and it was his right and duty to contest the validity of any mortgage by which one creditor had obtained a preference over the others, the whole object of the bankrupt law [of 1867 (14 Stat. 517)] being to compel an equal distribution of the failing debtor's property among all his creditors.